## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WOODROW TOMPKINS, DAVID AMMON, GARY BASSLER, ANTHONY DEFRANCESCO, SCOTT MUMLEY, CARLOS NAVARRO and ADAM WAYCHOFF, individually and for all others similarly situated,<br><div align="center">Plaintiffs,</div><div align="center">v.</div><br>FARMERS GROUP, INC. and FARMERS INSURANCE EXCHANGE,<br><div align="center">Defendants.</div> | Case No. _____<br><br>JURY TRIAL DEMANDED |

### CLASS / COLLECTIVE ACTION COMPLAINT

Woodrow Tompkins, David Ammon, Gary Bassler, Anthony DeFrancesco, Scott Mumley, Carlos Navarro, and Adam Waychoff ("Plaintiffs"), by and through their undersigned counsel, hereby make the following allegations against Farmers Group, Inc. and Farmers Insurance Exchange ("Defendants") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of their counsel:

### NATURE OF THE ACTION

1.      Plaintiffs contend that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL") and Conn. Gen. Stat. §§ 31-68(a) and 31-72 by knowingly suffering or permitting their APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives and Appraisers to perform more than *de minimis* pre-shift work without properly tracking this time or providing wages for this work.[1]

---

[1] The term "APD Claims Representative" includes the following related job titles: Claims Representative, APD Field Claims Representative, Field Claims Representative, Field Adjuster, Senior APD Claims

2.      Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C.

§216(b) for all people Defendants employed as APD Claims Representatives, APD Claims

Adjusters, APD Claims Representatives or Appraisers in the United States, except California,

during the maximum allowable limitations period.

3.      Plaintiffs bring their WPCL claim as a class action pursuant to Fed. R. Civ. P. 23

for all Pennsylvania residents Defendants employed as APD Claims Representatives, APD

Claims Adjusters, APD Claims Representatives or Appraisers during the maximum allowable

limitations period.

4.      Plaintiffs bring their claims for violation of Connecticut law as a class action

pursuant to Fed. R. Civ. P. 23 for all Connecticut residents Defendants employed as APD Claims

Representatives, APD Claims Adjusters, APD Claims Representatives or Appraisers during the

maximum allowable limitations period.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiffs' claims pursuant to the FLSA, 29

U.S.C. § 216(b), and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has supplemental jurisdiction over Plaintiffs' claims for violation of

Pennsylvania and Connecticut law, as well as Plaintiffs' breach of contract claim, pursuant to 28

U.S.C. § 1367 (supplemental jurisdiction), because these claims all arise from the same

occurrence or transaction (i.e., Defendants' failure to pay wages for all hours worked), and are so

related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

---

Representative and Special APD Claims Representative.  The term "APD Claims Adjuster" includes the
following related job titles: Claims Adjuster, Field Adjuster, Senior Claims Adjuster and Special Claims
Adjuster.  The term "Appraiser" includes the following related job titles: APD Claims Representative and
Field Adjuster.

7.      Venue is proper in this District pursuant to 28 U.S.C., § 1391(b) not only because Named Plaintiff Woodrow Tompkins resides in this District, worked for Defendants in this District and suffered the losses at issue in this District, but also because Defendants have significant business contacts within this District and actions giving rise to the claims pled in this Complaint occurred within this District.

## THE PARTIES

8.      Plaintiff Woodrow Tompkins, is an adult citizen of the Commonwealth of Pennsylvania who resides in Lehigh County.  Mr. Tompkins worked as a non-exempt Appraiser for Defendants in Pennsylvania from 2005 to 2012.  During this time, Mr. Tompkins spent about 30 to 60 minutes each day performing some or all of a series of pre-shift tasks that were required by Defendants, including: starting up his computer, accessing software applications on Defendants' website, obtaining his assignments for the day, determining the locations he would need to visit and the order in which these visits would take place; mapping out his route; contact the body shops he would be visiting to confirm the subject vehicles were present and available; contacting Defendants' customers to verify information about the subject vehicles' damage and coverage or collect any missing information; downloading forms to estimate damage to the subject vehicles; ensuring he had all the necessary paperwork and equipment to complete his assigned work; and traveling to his first appointment.  Mr. Tompkins has submitted an opt-in consent form to join this lawsuit.

9.      Plaintiff David Ammon is an adult citizen of the Commonwealth of Pennsylvania who resides in Westmoreland County.  Mr. Ammon worked as a non-exempt APD Claims Representative for Defendants in Pennsylvania from January 2002 to May 2013.  During this time, Mr. Ammon spent about 30 to 60 minutes each day performing some or all of a series of pre-shift tasks that were required by Defendants, including: starting up his computer, accessing

3

software applications on Defendants' website, obtaining his assignments for the day, determining

the locations he would need to visit and the order in which these visits would take place;

mapping out his route; contact the body shops he would be visiting to confirm the subject

vehicles were present and available; contacting Defendants' customers to verify information

about the subject vehicles' damage and coverage or collect any missing information;

downloading forms to estimate damage to the subject vehicles; ensuring he had all the necessary

paperwork and equipment to complete his assigned work; and traveling to his first appointment.

Mr. Ammon has submitted an opt-in consent form to join this lawsuit.

10.     Plaintiff Gary Bassler is an adult citizen of the Commonwealth of Pennsylvania

who resides in York County.  Mr. Basler worked as a non-exempt APD Claims Representative

for Defendants in Pennsylvania from May 2001 to January 2012.  During this time, Mr. Bassler

spent about 30 to 60 minutes each day performing some or all of a series of pre-shift tasks that

were required by Defendants, including: starting up his computer, accessing software

applications on Defendants' website, obtaining his assignments for the day, determining the

locations he would need to visit and the order in which these visits would take place; mapping

out his route; contact the body shops he would be visiting to confirm the subject vehicles were

present and available; contacting Defendants' customers to verify information about the subject

vehicles' damage and coverage or collect any missing information; downloading forms to

estimate damage to the subject vehicles; ensuring he had all the necessary paperwork and

equipment to complete his assigned work; and traveling to his first appointment.  Mr. Basler has

submitted an opt-in consent form to join this lawsuit.

11.     Plaintiff Anthony DeFrancesco, is an adult citizen of the Commonwealth of

Pennsylvania who resides in Columbia County.  Mr. DeFrancesco worked as a non-exempt APD

Claims Representative for Defendants in Pennsylvania from May 2001 to January 2012.  During

this time, Mr. DeFrancesco spent about 30 to 60 minutes each day performing some or all of a series of pre-shift tasks that were required by Defendants, including: starting up his computer, accessing software applications on Defendants' website, obtaining his assignments for the day, determining the locations he would need to visit and the order in which these visits would take place; mapping out his route; contact the body shops he would be visiting to confirm the subject vehicles were present and available; contacting Defendants' customers to verify information about the subject vehicles' damage and coverage or collect any missing information; downloading forms to estimate damage to the subject vehicles; ensuring he had all the necessary paperwork and equipment to complete his assigned work; and traveling to his first appointment. Mr. DeFrancesco has submitted an opt-in consent form to join this lawsuit.

     12.     Plaintiff Scott Mumley is an adult citizen of the State of Connecticut. Mr. Mumley worked as a non-exempt APD Claims Representative for Defendants in Connecticut from May 2009 to June 2013. During this time, Mr. Mumley spent about 30 to 60 minutes each day performing some or all of a series of pre-shift tasks that were required by Defendants, including: starting up his computer, accessing software applications on Defendants' website, obtaining his assignments for the day, determining the locations he would need to visit and the order in which these visits would take place; mapping out his route; contact the body shops he would be visiting to confirm the subject vehicles were present and available; contacting Defendants' customers to verify information about the subject vehicles' damage and coverage or collect any missing information; downloading forms to estimate damage to the subject vehicles; ensuring he had all the necessary paperwork and equipment to complete his assigned work; and traveling to his first appointment. Mr. Mumley has submitted an opt-in consent form to join this lawsuit.

13.     Plaintiff Carlos Navarro is an adult citizen of the State of Florida.  Mr. Navarro

worked as a non-exempt APD Claims Representative for Defendants in Florida from 2007 to

April 2013.  During this time, Mr. Navarro spent about 30 to 60 minutes each day performing

some or all of a series of pre-shift tasks that were required by Defendants, including: starting up

his computer, accessing software applications on Defendants' website, obtaining his assignments

for the day, determining the locations he would need to visit and the order in which these visits

would take place; mapping out his route; contact the body shops he would be visiting to confirm

the subject vehicles were present and available; contacting Defendants' customers to verify

information about the subject vehicles' damage and coverage or collect any missing information;

downloading forms to estimate damage to the subject vehicles; ensuring he had all the necessary

paperwork and equipment to complete his assigned work; and traveling to his first appointment.

Mr. Navarro has submitted an opt-in consent form to join this lawsuit.

14.     Plaintiff Adam Waychoff, is an adult citizen of the Commonwealth of

Pennsylvania who resides in Allegheny County.  Mr. Waychoff worked as a non-exempt APD

Damage Appraiser for Defendants in Pennsylvania.  During his employment, Mr. Waychoff

spent about 30 to 60 minutes each day performing some or all of a series of pre-shift tasks that

were required by Defendants, including: starting up his computer, accessing software

applications on Defendants' website, obtaining his assignments for the day, determining the

locations he would need to visit and the order in which these visits would take place; mapping

out his route; contact the body shops he would be visiting to confirm the subject vehicles were

present and available; contacting Defendants' customers to verify information about the subject

vehicles' damage and coverage or collect any missing information; downloading forms to

estimate damage to the subject vehicles; ensuring he had all the necessary paperwork and

equipment to complete his assigned work; and traveling to his first appointment.

6

15.    Defendant Farmers Group, Inc. ("Farmers Group"), is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business in Los Angeles, CA.  Farmers Group provides auto, home, small business, specialty, life, financial services and other products to approximately 10 million U.S. households.  During the relevant period, Farmers Group was an "employer" of Plaintiffs and the Class members as defined by the FLSA and the relevant state statutes, conducted business throughout the United States, and was actively engaged in the activities described herein, including the employment of APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives and Appraisers to assist its customers with the review and adjustment of their auto insurance claims.

16.    Defendant Farmers Insurance Exchange ("Farmers Exchange"), is a corporation organized and existing under the laws of the State of California, with a principal place of business in Los Angeles, CA.  Farmers Exchange is one of the insurers comprising Farmers Group.  Farmers Exchange, and its subsidiaries and affiliates, provide automobile, homeowners, personal umbrella, and business owners insurance.  During the relevant period, Farmers Exchange was an "employer" of Plaintiffs and the Class members as defined by the FLSA and the relevant state statutes, conducted business throughout the United States, and was actively engaged in the activities described herein, including the employment of APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives and Appraisers to assist its customers with the review and adjustment of their auto insurance claims.

**BACKGROUND FACTS**

17.    The essential duties and responsibilities of Plaintiffs, the members of the putative collective group, and the putative state Class members were to conduct field inspections of vehicles at body shops, tow yards and in other settings to determine whether identified damages were covered by the insured's policy, who was responsible for those damages, create a

computerized estimate of the damages using the latest technology and negotiate with repair facilities, customers and other claimants to adjust and settle car insurance claims.

18.     Before Plaintiffs, the collective members, and the State Class members could start working, Defendants required them to perform several tasks necessary to the performance of their jobs.  For example, before going "on the clock" on any given day, Plaintiffs, the collective members and the State Class members were all required to: start up their computers and access software applications on Defendants' website; obtain their assignments for the day; determine the locations they would need to visit and the order in which these visits would take place; map out their route; contact the body shops they would be visiting to confirm the subject vehicles were present and available; contact Defendants' customers to verify information about the subject vehicles' damage and coverage or collect any missing information; download forms to estimate damage to the subject vehicles; ensure they had all the necessary paperwork and equipment to complete their assigned work; and travel to their first location.  Defendants required Plaintiffs, the collective members, and the State Class members to perform all of these tasks "off-the-clock" and before the start of their scheduled shift.

19.     Plaintiffs and the Class members performed the pre-shift work at issue while under Defendants control and Defendants required said tasks to be performed by Plaintiffs.

## JOINT EMPLOYMENT ALLEGATIONS

20.     Throughout the Class Period, Farmers Group and Farmers Exchanges (hereinafter referred to collectively as "Defendants") were actively engaged in the business of providing insurance services to individual and business customers through a nationwide network of employees that included APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives and Appraisers.

21.    Throughout the Class Period, Defendants provided insurance services by virtue of the work performed by Plaintiffs and the members of the putative collective group and state-law Classes identified herein.

22.    Each work day during the Class Period, Plaintiffs and the members of the putative collective group and state-law Classes identified herein interfaced with computerized systems, programs and databases, owned, operated and managed by Defendants in order to perform their jobs.

23.    Each work day during the Class Period, Plaintiffs and the members of the putative collective group and state-law Classes performed their jobs under Defendants' supervision, and using materials and technology Defendants approved and supplied.

24.    Each work day during the Class Period, regardless of the region in which they worked, Plaintiffs and the members of the putative collective group and state-law Classes were required to follow and abide by common work, time, compensation and overtime policies and procedures in the performance of their jobs.

25.    At the end of each pay period during the Class Period, regardless of the region in which they worked, Plaintiffs and the members of the putative collective group and state-law Classes received wages from Defendants that were determined by common systems and methods that Defendants selected and controlled.

26.    During the relevant period, Defendants were joint employers of Plaintiffs and the members of the putative collective group and state-law Classes, because they each had the right to: hire and fire Plaintiffs and the members of the putative collective group and state-law Classes; control the work performed by Plaintiffs and the members of the putative collective group and state-law Classes; direct the manner in which Plaintiffs and the members of the putative collective group and state-law Classes performed their work; inspect and supervise the

work Plaintiffs and the members of the putative collective group and state-law Classes performed; promulgate policies and procedures governing the employment of Plaintiffs and the members of the putative collective group and state-law Classes (including the work, time, compensation and overtime policies and procedures at issue here); enforce these policies and procedures with respect to Plaintiffs and the members of the putative collective group and state-law Classes; and determine the compensation provided to Plaintiffs and the members of the putative collective group and state-law Classes.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.      Plaintiffs bring this collective action claim for themselves, and all others similarly situated pursuant to 29 U.S.C. §216(b), to recover unpaid wages, liquidated damages and other damages related to Defendants' violation of the FLSA.

28.      Plaintiffs pursue the requested relief on behalf of the following collective group: "All persons Defendants employed as APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives or Appraisers in any state except California during any workweek in the maximum limitations period."

29.      Plaintiffs are members of the collective group they seek to represent because they:

a.      Worked for Defendants in the identified positions during the relevant period;

b.      Lived and worked in states included in the proposed collective description (i.e., not California);

c.      Performed the required pre-shift work at issue; and

d.      Did not receive any wages for their pre-shift work.

30.     Although Plaintiffs and the collective group members may have had different job titles or worked in different regions, this action may be properly maintained as a collective action on behalf of the indicated collective because, throughout the relevant period:

a.     Plaintiffs and the members of the collective had shared employers;

b.     Plaintiffs and the members of the collective performed the same type of work;

c.     Plaintiffs and the members of the collective were governed by the same timekeeping policies, practices and systems;

d.     Plaintiffs and the members of the collective were governed by the same compensation policies, practices and systems;

e.     Plaintiffs and the members of the collective were governed by the same policies, practices and systems concerning work hours;

f.     Plaintiffs and the members of the collective were governed by the same policies, practices and systems concerning overtime hours and wages;

g.     Plaintiffs and the members of the collective utilized the same computer systems and technology to perform their required job duties, and were required to perform the same tasks to utilize these systems and technology;

h.     Plaintiffs and the members of the collective performed some or all of the required pre-shift duties at issue here;

i.     Defendants supervised and controlled all aspects of the work Plaintiffs and the Class members performed, including the pre-shift work at issue;

j.     Defendants supervised and controlled the timekeeping, compensation, work hours and overtime policies, practices and systems at issue;

k.     Defendants had authority to set and change the job titles and work responsibilities of Plaintiffs and the Class members;

l.     Defendants controlled the employment status of Plaintiffs and the Class members and had discretion to hire, discipline and fire them;

m.     Defendants' labor relations and human resources systems were centrally-organized and controlled, and controlled the policies and practices at issue in this case.

31.     Plaintiffs estimate that the collective group, including both current and former employees over the relevant period, will include more than 1,000 people.  This precise number should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).  Given the composition and size of the Class, its members may be informed of the pendency of this action directly *via* U.S. mail and e-mail communications.

## STATE-LAW AND BREACH OF CONTRACT CLASS ACTION ALLEGATIONS

32.     Plaintiffs bring a class action for violation of the Pennsylvania WPCL on behalf of a Class defined to include: "All residents of the Commonwealth of Pennsylvania whom Defendants employed as APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives or Appraisers during any workweek in the maximum limitations period."

33.     Plaintiffs Woodrow Tompkins, David Ammon, Gary Bassler, Anthony DeFrancesco and Adam Waychoff are members of the Pennsylvania Class they seek to represent, because they are residents of Pennsylvania who worked for Defendants in the designated jobs during the relevant period and regularly performed more than *de minimis* pre-shift work without compensation.  Further, their employment was governed by the same policies, documents and terms as the putative Class members.

12

34.     Plaintiffs bring a class action for violation of Connecticut wage and hour statutes, Conn. Gen. Stat. §§ 31-68(a) and 31-72, on behalf of a Class defined to include: "All residents of the State of Connecticut whom Defendants employed as APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives or Appraisers during any workweek in the maximum limitations period."

35.     Plaintiff Scott Mumley is a member of the Connecticut Class he seeks to represent, because he is a resident of Connecticut who worked for Defendants in one of the designated jobs during the relevant period and regularly performed more than *de minimis* pre-shift work without compensation.  Further, his employment was governed by the same policies, documents and terms as the putative Class members.

36.     Plaintiffs bring a class action for breach of contract on behalf of a Class defined to include: "All persons employed by Defendants in the United States, except California, as APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives or Appraisers during any workweek in the maximum limitations period" ("the Breach of Contract Class").

37.     All named Plaintiffs are members of the Breach of Contract Class they seek to represent, because they were employed Defendants in the United States, except California, in the designated jobs during the relevant period and regularly performed more than *de minimis* pre-shift work without compensation.  Further, their employment was governed by the same policies, documents and terms as the putative Class members.

38.     These state-law claims and the breach of contract claim may all be maintained as a class action because the members of the putative Classes are so numerous that their joinder would be impracticable.  Over the relevant period, Defendants are believed to have employed more than fifty people as APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives, or Appraisers in both Pennsylvania and Connecticut, and more than 2,000

people as APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives, or

Appraisers throughout the United States, excluding California.

39.     This action may be properly maintained as a class action on behalf of the

indicated Classes because there are material questions of law or fact common to the Class,

including:

   a.     Whether Defendants required Plaintiffs and the Class Members to perform

more than *de minimis* pre-shift work;

   b.     Whether the pre-shift work Plaintiffs and the Class members performed

was integral to the performance of their jobs;

   c.     Whether Defendants' timekeeping systems properly tracked the pre-shift

work Plaintiffs and the Class members performed;

   d.     Whether Defendants' compensation systems properly paid Plaintiffs and

the Class members for the pre-shift work they performed;

   e.     Whether Defendants violated the WPCL by failing to pay Plaintiffs and

the Class members all wages due on their regular paydays.

   f.     Whether Defendants violated Connecticut wage and hour laws by failing

to pay Plaintiffs and the Class members all wages due on their regular paydays.

   g.     Whether Defendants breached their employment agreements with

Plaintiffs, by failing to pay Plaintiffs and the Class members all wages due for all

hours worked.

   h.     Whether Defendants should be required to pay Plaintiffs compensatory

damages, interest, or attorneys' fees and costs.

40.     This action may be properly maintained as a class action on behalf of the indicated Classes because Plaintiffs' claims are typical of the claims belonging to the respective Class members.  Plaintiffs and the Class members are similarly-situated employees who performed similar work under similar conditions and, as a result, were similarly harmed.

41.     This action may be properly maintained as a class action on behalf of the indicated Classes because Plaintiffs will fairly and adequately assert and protect the interests of the Class members as follows:

    a.     There is no apparent conflict of interest between Plaintiffs and the Class members;

    b.     Plaintiffs' attorneys have significant experience in the litigation of complex civil and class action matters in this Court, and will adequately represent the interests of the Class; and

    c.     Plaintiffs have, or can acquire, adequate financial resources to assure that the interests of the Class will not be harmed.  Consistent with the applicable Rules of Professional Conduct, Plaintiffs' counsel have agreed to advance the costs and expenses of litigation on behalf of the putative Classes, contingent upon the outcome of this litigation.

42.     This action may be properly maintained as a class action on behalf of the indicated Classes because it will provide a fair and efficient method for adjudication of the issues presented by this controversy as follows:

    a.     Common questions of law or fact predominate over any questions affecting only individual members, as Plaintiffs seek to remedy a common legal grievance – Defendants' failure to timely pay wages owed – on behalf of all similarly-situated employees;

b.      No difficulties are likely to be encountered in the management of this

litigation as a class action, given that Defendants' records will assist in identifying

the members of both Classes and verifying the precise amount of their claims;

c.      This forum is particularly appropriate for adjudicating these claims as this

Court has significant experience with class action litigation; and

d.      The claims addressed in this Complaint are not too small to justify the

expenses of class-wide litigation, nor are they likely to be so substantial as to

require the litigation of individual claims.

43.     Allowing these claims to proceed on behalf of the indicated Classes would be

superior to requiring individual adjudications of each Class member's claim, since requiring each

of Defendants' APD Claims Representatives, APD Claims Adjusters, APD Claims

Representatives and Appraisers to file and litigate individual wage claims would cause an undue

burden on Defendants, the Class members and the Courts.

## COUNT I
### Violation of the Fair Labor Standards Act
### (for members of the proposed collective group)

44.     The preceding paragraphs are incorporated by reference as though set forth fully

herein.

45.     Throughout the relevant period, Defendants were "employers" as defined by

FLSA § 203(d), and were obligated to comply with the FLSA's requirements.

46.     Throughout the relevant period, Plaintiff and the members of the collective were

"employees" as defined by FLSA § 203(e)(1), were covered employees entitled to the FLSA's

protections and were not exempt from the provisions of the FLSA for any reason.

47.     The sums Defendants paid, or failed to pay, to Plaintiff and the collective group

members are "wages" as defined by FLSA § 203(m).

48.     Defendants are an "enterprise engaged in commerce" within the meaning of FLSA § 203(s)(1)(A).

49.     Plaintiff and the members of the collective are similarly situated individuals within the meaning of FLSA § 216(b), which expressly authorizes private plaintiffs to bring a collective action to enforce an employers' failure to pay all legally-mandated wages.

50.     FLSA § 207(a)(1) provides that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

51.     Throughout the relevant period, Plaintiffs and the members of the collective typically worked a full-time schedule which included 40 scheduled hours each seven-day workweek.

52.     Nevertheless, Defendants expected and required Plaintiffs and the members of the collective to be available to work about 30 to 60 minutes before the beginning of their scheduled shift each day to complete all or some of a series of tasks integral to the completion of their duties, including: starting up their computers and accessing software applications on Defendants' website; obtaining their assignments for the day; determining the locations they would need to visit and the order in which these visits would take place; mapping out their route; contacting the body shops they would be visiting to confirm the subject vehicles were present and available; contacting Defendants' customers to verify information about the subject vehicles' damage and coverage or collect any missing information; downloading forms to estimate damage to the subject vehicles; ensuring they had all the necessary paperwork and equipment to complete their assigned work; and travelling to their first location.

53.     Defendants violated the FLSA by suffering and permitting Plaintiffs and the members of the collective to perform this "off-the-clock" pre-shift work, failing to properly track

the pre-shift hours worked by Plaintiffs and the members of the collective, failing to require Plaintiffs and the members of the collective to submit their pre-shift time for compensation and failing to pay Plaintiffs and the members of the collective any wages for their pre-shift time.

54.   Plaintiffs and the members of the collective have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of wages owed for "off-the-clock" work they performed from which Defendants derived a direct and substantial benefit.

55.   In failing to ensure that Plaintiff and the collective group members actually received all overtime wages owed, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

56.   Defendants have no good faith justification or defense for failing to pay Plaintiffs and the members of the collective all wages mandated by the FLSA.

WHEREFORE, Plaintiffs respectfully pray for an Order:

  a.   Approving this matter to proceed as a collective action;

  b.   Appointing Kolman Ely, P.C., the Thierman Law Firm, and Eric M. Epstein, APC to serve as Class Counsel;

  c.   Requiring Defendants to provide the names and current (or best known) addresses of all members of the identified collective group;

  d.   Authorizing Class Counsel to issue a notice informing the collective group members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

  e.   Finding that Defendants willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiff and the collective group members;

f.      Granting judgment in favor of Plaintiff and the collective group members on Count I;

g.      Awarding all available compensatory damages in an amount to be determined;

h.      Awarding liquidated damages in an amount to be determined;

i.      Awarding pre-judgment interest on all compensatory damages due;

j.      Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

k.      Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

l.      Awarding any further relief the Court deems just, necessary and proper;

m.      Granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

n.      Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing.

## COUNT II
### Violation of the Pennsylvania Wage Payment and Collection Law
### (for all Pennsylvania Class members)

57.      The preceding paragraphs are incorporated by reference as though set forth fully herein.

58.      Defendants are covered employers required to comply with the WPCL's mandates.

59.      Plaintiffs are seeking to recover "wages" as that term is defined by the WPCL.

60. Plaintiffs and the Pennsylvania Class members are employees entitled to the WPCL's protections, and were not exempt from receiving wages required by the WPCL for any reason.

61. The WPCL requires employers to pay all regular and overtime wages due to their employees on regular paydays designated in advance.

62. The WPCL gives employees the right to enforce *any* legal right to wages due, including the Class members' statutory right to overtime pay conferred by the MWA, and its application is not limited only to claims arising from a written contract.

63. WPCL §§ 9 and 10 permit plaintiffs to institute a class action to recover any unpaid wages, attorneys' fees and litigation costs and liquidated damages, and, so, support class certification of this claim.

64. During the relevant period, Defendants violated the WPCL wage payment requirement by willfully and consistently suffering and permitting Plaintiffs Woodrow Tompkins, David Ammon, Gary Bassler, Anthony DeFrancesco, Adam Waychoff and the Pennsylvania Class members to spend about 30 to 60 minutes each day performing all or some of a series of pre-shift tasks integral to the completion of their duties without paying any wages for the time spent on these tasks.

65. By failing to pay Plaintiffs Woodrow Tompkins, David Ammon, Gary Bassler, Anthony DeFrancesco, Adam Waychoff and the Pennsylvania Class members for their pre-shift work on their regular paydays, Defendants violated WPCL § 3.

66. By failing to notify Plaintiffs Woodrow Tompkins, David Ammon, Gary Bassler, Anthony DeFrancesco, Adam Waychoff and the Pennsylvania Class members about how they would be paid for their pre-shift work, Defendants violated WPCL § 4.

67.    By failing to notify Plaintiffs Woodrow Tompkins, David Ammon, Gary Bassler, Anthony DeFrancesco, Adam Waychoff and the Pennsylvania Class members that they did not intend to pay Plaintiff and the Class at an overtime rate for working required overtime hours, Defendants violated WPCL § 4.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.    Approving this claim to proceed as a class action for the Pennsylvania Class;

b.    Appointing Kolman Ely, P.C., the Thierman Law Firm, and Eric M. Epstein, APC  to serve as Class Counsel;

c.    Requiring Defendants to timely provide the names and current (or best known) addresses of the Pennsylvania Class members;

d.    Authorizing Class Counsel to issue a notice informing the Pennsylvania Class members that this action has been filed, of the nature of the action, and of their right to opt-out of this lawsuit;

e.    Finding that Defendants willfully violated the applicable provisions of the WPCL by failing to pay all required wages to Plaintiff and the Pennsylvania Class members;

f.    Granting judgment in favor of Plaintiff and the Pennsylvania Class members on Count II;

g.    Awarding all available compensatory damages in an amount to be determined;

h.    Awarding the maximum amount of liquidated damages available under the WPCL;

      i.       Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

      j.       Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

      k.       Awarding any further relief the Court deems just, necessary and proper;

      l.       Granting leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

      m.       Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing.

<div align="center">

**COUNT III**
**Violation of Connecticut Statutes - Overtime Pay**
**(for all Connecticut Class members)**

</div>

68.      The preceding paragraphs are incorporated by reference as though set forth fully herein.

69.      Defendants are "employers" within the meaning of Conn. Gen. Stat. § 31-58(e).

70.      Defendants employed Plaintiff Scott Mumley and the Connecticut Class members within the meaning of Conn. Gen. Stat. § 31-58(h).

71.      Plaintiff Mumley and the Connecticut Class members were "employees" within the meaning of Conn. Gen. Stat. §§ 31-58(f) and 31-78b(3).

72.      During the course of their employment, Defendants knowingly failed to pay Plaintiff Mumley and the Connecticut Class members at an overtime rate for all overtime hours they worked, in violation of Conn. Gen. Stat. §§ 31-60(a) and 31-78c.

73.      As a result of Defendants' failure to pay required overtime wages, Plaintiff Mumley and the Connecticut Class members have sustained damages.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.      Approving this claim to proceed as a class action for the Connecticut

Class;

b.      Appointing Kolman Ely, P.C., the Thierman Law Firm, and Eric M.

Epstein, APC  to serve as Class Counsel;

c.      Requiring Defendants to timely provide the names and current (or best

known) addresses of the Connecticut Class members;

d.      Authorizing Class Counsel to issue a notice informing the Connecticut

Class members that this action has been filed, of the nature of the action, and of

their right to opt-out of this lawsuit;

e.      Finding that Defendants willfully violated the applicable provisions of

Conn. Gen. Stat. §§ 31-60(a) and 31-78c by failing to pay all required wages to

Plaintiff and the Connecticut Class members;

f.      Granting judgment in favor of Plaintiff and the Connecticut Class

members on Count III;

g.      Awarding all available compensatory damages in an amount to be

determined;

h.      Awarding the maximum amount of liquidated damages available;

i.      Awarding a reasonable attorney's fee and reimbursement of all costs and

expenses incurred in litigating this action;

j.      Awarding equitable and injunctive relief precluding the continuation of

the policies and practices pled in this Complaint;

k.      Awarding any further relief the Court deems just, necessary and proper;

l.      Granting leave to add additional Plaintiffs by motion, the filing of written

consent forms, or any other method approved by the Court; and

m.     Maintaining jurisdiction over this action to ensure Defendants' compliance

with the foregoing.

**COUNT IV**
**Violation of Connecticut Statutes – Failure to Pay Wages Owed**
**(for all terminated Connecticut Class members)**

74.     The preceding paragraphs are incorporated by reference as though set forth fully

herein.

75.     Since Defendants failed to pay Scott Mumley any wages for the "off-the-clock"

pre-shift work he performed, Defendants owed him wages in excess of $5,500 upon his

separation.

76.     Since Defendants also failed to pay the other Connecticut Class members any

wages for the "off-the-clock" pre-shift work they performed, Defendants owed all of the

terminated Connecticut Class members amounts that will be readily calculable upon further

discovery.

77.     The amounts Defendants currently owe to Plaintiff Mumley and the terminated

Connecticut Class members constitute "wages" within the meaning of Conn. Gen. Stat. § 31-

71a(3).

78.     By refusing to pay Plaintiff Mumley and the terminated Connecticut Class

members all wages owed, Defendants violated Conn. Gen. Stat. §§ 31-71b, 31-71C and 31-

71e.(3).

79.     Defendants' unjustified failure to pay Plaintiff Mumley and the terminated

Connecticut Class members all wages owed has caused them substantial monetary losses.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.     Approving this claim to proceed as a class action for the Connecticut

Class;

24

b. Appointing Kolman Ely, P.C., the Thierman Law Firm, and Eric M. Epstein, APC  to serve as Class Counsel;

c. Requiring Defendants to timely provide the names and current (or best known) addresses of the Connecticut Class members;

d. Authorizing Class Counsel to issue a notice informing the Connecticut Class members that this action has been filed, of the nature of the action, and of their right to opt-out of this lawsuit;

e. Finding that Defendants willfully violated the applicable provisions of Conn. Gen. Stat. §§ 31-60(a) and 31-78c by failing to pay all required wages to Plaintiff and the Connecticut Class members;

f. Granting judgment in favor of Plaintiff and the Connecticut Class members on Count IV;

g. Awarding all available compensatory damages in an amount to be determined;

h. Awarding the maximum amount of liquidated damages available;

i. Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

j. Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

k. Awarding any further relief the Court deems just, necessary and proper;

l. Granting leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

m. Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing.

## COUNT V
## Breach of Contract
## (for the Breach of Contract Class)

80.    The preceding paragraphs are incorporated by reference as though set forth fully herein.

81.    At all times relevant herein, Defendants had an employment agreement with all APD Claims Representatives, APD Claims Adjusters, APD Claims Representatives and Appraisers they employed in the United States (except California) to pay an agreed-upon hourly wage rate for all hours they worked.

82.    Plaintiffs and the Breach of Contract Class members' employment agreements necessarily incorporated all applicable provisions of both state and federal law, including the laws of Pennsylvania, Connecticut, and Florida.

83.    Plaintiffs, and the Breach of Contract Class members, performed all the terms of their agreement with Defendants required on their part to be performed.

84.    Defendants breached their agreement with Plaintiffs and the Breach of Contract Class members by failing to compensate them for all hours worked, namely the hours spent engaging in preliminary activities at the agreed upon rate of pay.

85.    As a result of Defendants' breach, Plaintiffs and the Breach of Contract Class members, have suffered economic loss that includes lost wages and interest.

WHEREFORE, Plaintiffs respectfully pray for an Order requiring Defendants pay them their agreed upon rate of pay for all "off-the-clock" hours worked performing preliminary activities, including travel to their first assignment, for four years from the date of filing the Complaint until the date of judgment in this action, together with attorney's fees, costs, and interest as provided by law.

26

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in the above-captioned matter.


Respectfully submitted,

Dated: June 13, 2014        /s/ David J. Cohen
                            David J. Cohen, Esq.
                            KOLMAN ELY, P.C.
                            414 Hulmeville Avenue
                            Penndel, PA 19047
                            (215) 750-3134
                            dcohen@kolmanlaw.net

                            Mark R. Thierman, Esq. (*pro hac vice* forthcoming)
                            Josh Buck, Esq. (*pro hac vice* forthcoming)
                            THIERMAN LAW FIRM
                            7287 Lakeside Drive
                            Reno, NV 89511
                            (775) 284-1500
                            mark@thiermanlaw.com

                            Eric M. Epstein, Esq. (*pro hac vice* forthcoming)
                            ERIC M. EPSTEIN, P.C.
                            1901 Ave. of the Stars, #1100
                            Los Angeles, CA 90067
                            310-552-5366 (B)
                            emepstein@aol.com

                            *Counsel for Plaintiffs and the*
                            *Putative Classes*