UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

WOODROW TOMPKINS, et al.,                              :
individually and for all others similarly situated,    :
                                                       :
                            Plaintiffs,                :
                    v.                                 :   No. 5:14-cv-03737
                                                       :
FARMERS INSURANCE EXCHANGE,                            :
                                                       :
                            Defendant.                 :
_____

# O R D E R

**AND NOW**, this 23rd day of January, 2017, upon consideration of Plaintiffs' Unopposed Motion for Preliminary Class and Collective Action Settlement Approval and all related materials,[1] ECF No. 92, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1. Plaintiffs, who were claims representatives for Farmers Insurance Exchange ("FIE"), allege that FIE failed to pay Auto Physical Damage ("APD") Claims Representatives, APD Claims Adjusters, and APD Claims Appraisers all wages and compensation due for certain preliminary work activities.

2. The Court makes a preliminary determination that the proposed Settlement Class, consisting of six state-law subclasses, satisfies the criteria set out in Rule 23(a)[2] and in Rule 23(b)(3).

---

[1] As noted in the Court's previous order, ECF No. 94, Federal Rule of Civil Procedure 23 does not prescribe the "exact process a district court should follow when presented with a 'settlement class,'" that is, a case in which "a class-action settlement is reached before the district court has issued a certification order under Rule 23(c)." *See In re Nat. Football League Players Concussion Injury Litig.*, 775 F.3d 570, 581 (3d Cir. 2014). Nevertheless, guidance in this area is provided by Section 21.632 of the Federal Judicial Center's *Manual for Complex Litigation* (Fourth), which describes a process in which a court presented with a settlement class conducts a "preliminary fairness review" that includes a "preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)" as well as a "preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." If these are satisfactory, the court "must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Id.*

[2] Plaintiffs propose six state-law subclasses: Connecticut (13 members), Illinois (45 members), New York (31 members), Oregon (35 members), Pennsylvania (28 members), and Washington (50 members). *See* Mem. Supp. Pls.' Mot. 8, ECF No. 92-2. In order to satisfy Rule 23(a):

> (1) the class must be "so numerous that joinder of all members is impracticable" (numerosity); (2) there must be "questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class"

    3. On the basis of this preliminary determination, the Court defines the following six state-law subclasses:

The "Connecticut Subclass": all current or former non-exempt employees employed by FIE as APD Claims Representatives, APD Claims Adjusters, or APD Claims Appraisers in the State of Connecticut from June 17, 2011, until the date of this Order;

The "Illinois Subclass": all current or former non-exempt employees employed by FIE as APD Claims Representatives, APD Claims Adjusters, or APD Claims Appraisers in the State of Illinois from February 18, 2013, until the date of this Order;

The "New York Subclass": all current or former non-exempt employees employed by FIE as APD Claims Representatives, APD Claims Adjusters, or APD Claims Appraisers in the State of New York from February 18, 2010, until the date of this Order;

---

(typicality); and (4) the named plaintiffs must "fairly and adequately protect the interests of the class" (adequacy of representation, or simply adequacy).

*In re Modafinil Antitrust Litig.*, 837 F.3d 238, 248 (3d Cir. 2016).

    In a previous order, ECF No. 94, the Court directed Plaintiffs to provide further briefing concerning the numerosity requirement, in view of the fact that four of the six proposed subclasses include fewer than forty members. Upon review of Plaintiffs' Supplemental Brief, ECF No. 95, the Court preliminarily determines that each of the six proposed subclasses meets the numerosity requirement. In particular, the Court preliminarily determines that joinder is impracticable for the members of each of the six subclasses in light of two factors: (1) judicial economy (i.e., "the administrative burden that multiple or aggregate claims place upon the courts") and (2) the "claimants' ability and motivation to litigate as joined plaintiffs." *See In re Modafinil*, 837 F.3d at 253 (identifying these two factors as being of primary importance in a court's numerosity analysis). Analysis of the latter factor "primarily involves an examination of the stakes at issue for the individual claims and the complexity of the litigation, which will typically correlate with the costs of pursuing these claims." *Id.* Plaintiffs aver that the average claim in this litigation amounts to approximately $5,000, and that "[f]or the typical insurance professional, the prospect of recovering roughly $5,000.00 does not provide a compelling incentive to retain counsel, pursue an individual lawsuit, participate in the discovery process and accept the risks inherent to suing one's employer." Pls.' Suppl. Br. 5. Plaintiffs mistakenly frame their discussion of this factor in terms of the claimants' ability to pursue "individual lawsuits" rather than joinder. *See In re Modafinil*, 837 F.3d at 253 ("At this point, [the court does] *not* consider the possibility that plaintiffs may bring individual suits.") Nevertheless, the concerns raised by Plaintiffs in this regard similarly apply to a joinder analysis. *See id.* at 257 ("Though joinder is certainly more economical for most plaintiffs than pursuing the case alone, it is often still uneconomical for an individual with a negative value claim to join a lawsuit" because "each plaintiff may need to hire his own counsel to protect his individual interests" and "each plaintiff would be subject to discovery.").

    Accordingly, because of the gains in judicial economy realized by litigating their claims as part of this action and because the individual claimants in this case appear to lack the ability and motivation to pursue their litigation via joinder, the Court preliminarily determines that the numerosity requirement is met for each subclass.

    Finally, additional gains in judicial economy are suggested by the fact that there appears to be some overlap between the members of the FLSA collective action and the state-law subclasses, although the extent of this overlap is not clear. *See* Mem. Supp. Pls.' Mot. 5 (stating that some of the members of the state law subclasses also opted into the FLSA claim). At the final fairness hearing, Plaintiffs should provide details concerning the extent of this overlap, as well as further support for their contentions concerning the Rule 23 requirements more generally.

> The "Oregon Subclass": all current or former non-exempt employees employed by FIE as APD Claims Representatives, APD Claims Adjusters, or APD Claims Appraisers in the State of Oregon from February 18, 2014, until the date of this Order;
>
> The "Pennsylvania Subclass": all current or former non-exempt employees employed by FIE as APD Claims Representatives, APD Claims Adjusters, or APD Claims Appraisers in the Commonwealth of Pennsylvania from June 17, 2011, until the date of this Order ; and
>
> The "Washington Subclass": all current or former non-exempt employees employed by FIE as APD Claims Representatives, APD Claims Adjusters, or APD Claims Appraisers in the State of Washington from February 18, 2013, until the date of this Order.

4. The Court provisionally appoints Woodrow Tompkins, Gary Bassler, David Ammon, Anthony DeFrancesco, Scott Mumley, Carlos Navarro, Adam Waychoff, Justin Roudabush, Mark Morrill, Kevin Haynes, and Jeff Roundtree to serve as settlement class representatives.

5. The Court provisionally appoints Stephan Zouras LLP, Eric M. Epstein, APC, and Thierman Buck LLP as settlement class counsel.

6. The Court preliminarily determines that the settlement set forth in the parties' Settlement Agreement appears to be the product of serious, informed, and extensive arm's-length negotiations between the parties and appears to be fair, adequate, and reasonable to the settlement class so as to fall within the range of possible final approval.

7. Consistent with the Court's Memorandum Opinion and Order entered May 18, 2015, conditionally certifying a collective action in this matter, ECF Nos. 43-44, the Court conditionally certifies for settlement purposes the Fair Labor Standards Act ("FLSA") Settlement Class, which includes 210 people employed by FIE as APD Claims Representatives, APD Claims Adjusters, or APD Claims Appraisers in any state except California since January 13, 2012, and who have filed consent forms to join this litigation ("FLSA Opt-In Plaintiffs").[3]

8. The Court makes a preliminary determination that the parties to the FLSA collective action had a bona fide dispute regarding the payment of wages and that the settlement is

---

[3] After the final approval hearing, the Court will make a final determination as to whether each Plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff. *See Altnor v. Preferred Freezer Servs., Inc.*, No. CV 14-7043, 2016 WL 3878161, at *7 (E.D. Pa. July 18, 2016).

fair, adequate, and reasonable with respect to the settlement of the Opt-In Plaintiffs' FLSA claims, as the settlement of the FLSA claims also appears to have been the product of serious, informed, and extensive arm's-length negotiations between the parties. The Court accordingly approves the FLSA release, as set forth in the Settlement Agreement, for all members of the FLSA Settlement Class who do not timely and validly withdraw their consent-to-join form.

9. If final approval of the Settlement is not granted, the Parties will retain all of their rights and arguments as to whether the claims in this case are appropriate for class certification or second-stage collective action certification.

10. The Court approves the proposed form and content of the Notice of Class Action and Collective Action Settlement ("Notice") substantially in the form attached to Plaintiffs' Preliminary Approval Motion, ECF No. 92-7, and orders the parties to proceed with dissemination of the Notice by First Class U.S. Mail in accordance with the schedule set forth in the Settlement Agreement. The Court finds that the proposed process for providing notice to the classes as set forth in the Settlement Agreement fulfills the requirements of Federal Rule of Civil Procedure 23(c)(2)(A) and due process, provides the best notice practicable under the circumstances, and will provide adequate notice to all Settlement Class Members.

11. The Court appoints Simplurius, Inc., to distribute the Notice and to administer claims under the Settlement Agreement.

12. The Notice shall be mailed to the Class Members no later than **February 13, 2017**.

13. All opt-out requests, objection requests, and requests to withdraw consent to join forms shall be due by **April 14, 2017**.[4]

---

[4] Plaintiffs' proposed Order and proposed Notice suggest a deadline of thirty days after the mailing of the Notice. However, as one commentator has observed, "absent class members in a class suit are typically caught completely unaware when receiving notice of a class action settlement, particularly if a class had not been previously certified (and hence no prior notice of the case had been provided)"; hence, such persons should be given ample time "to review the proposed settlement, consult with counsel should they so desire, frame and research any concerns they might have with the settlement, undertake discovery where appropriate, and then meet the requirements for filing their objections, if they end up pursuing any." William B. Rubenstein, *Newberg on Class Actions* § 13:29 (5th ed.) (database updated December 2016) (footnote omitted). Accordingly, "there is no compelling reason that class members should not be given at least 60 days' time frame in which to file objections or appear at a fairness hearing." *Id.* § 8:16.

14. Settlement Class Counsel shall file a motion for final settlement approval and approval of the proposed enhancement awards, attorney's fees, and cost reimbursements no later than **May 1, 2017**.

15. The Court will hold a final settlement approval hearing at **3:00 p.m.** on **May 23, 2017,** in Courtroom C of the Edward N. Cahn Courthouse and Federal Building, 504 West Hamilton Street, Allentown, PA. At this hearing, the Court will determine whether to finally approve the proposed Settlement, enhancement awards, attorneys' fees, and cost reimbursements requested by Settlement Class Counsel and whether to enter final judgment in this case in light of any written objections, opt-outs, or requests to be heard submitted in accordance with the procedures described in the Notice.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge